IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHERIAH PAUL SIEK,<br><br>Defendant. | CR 22-61-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 47.)

On June 13, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations except the allegation contained in the second paragraph of Violation No. 4. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 31 days custody, with 34 months supervised release to follow.

I.   BACKGROUND

In August 2022, Defendant pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docs. 21, 24.) On

1

February 14, 2023, the Court sentenced Defendant to 18 months incarceration, followed by a term of 36 months supervised release. (Docs. 40, 41.) Defendant began his term of supervised release on February 2, 2024.

On May 23, 2024, the United States Probation Office filed the petition now at issue. (Doc. 45.) The petition alleges that Defendant violated four conditions of supervised release, and provides a brief explanation of each violation. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 46.) Defendant was arrested on May 24, 2024, and made an initial appearance that day. (Doc. 48.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for June 13, 2024. (*Id.*)

## II.   FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock. Kelsey Sabol represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

After consenting to proceed, Defendant admitted all of the violations except the allegation contained in the second paragraph of Violation No. 4. Following his

/ / /

admission to the remaining violations, counsel for the United States moved to dismiss the allegation in the second paragraph of Violation No. 4.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any custody time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of incarceration until June 24, 2024, and that he be released on that date to begin inpatient substance abuse treatment at Rimrock Foundation. Defendant's counsel concurred with that request. Defendant's counsel explained that Defendant had been accepted into an inpatient treatment program at Rimrock Foundation in Billings, Montana, and his admission date is scheduled for June 24, 2024. (*See* Doc. 54.) Since Defendant was arrested on the current petition on May 24, 2024, Defendant will have served 31 days in custody if released on June 24, 2024.

/ / /

/ / /

## III. ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervision, his supervised release should be revoked. The Court should sentence Defendant to 31 days custody with 34 months supervised release to follow.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to these factors, Defendant has done poorly under supervision. He was released pending trial and sentencing in the underlying case, and he violated the terms of his supervision by failing to attend counseling, using controlled substances, and consuming alcohol. His release pending sentencing was revoked accordingly.

After Defendant was released from custody, he began his term of supervised release on February 2, 2024. He committed his first violation approximately one month later by using marijuana, and accumulated all of the violations now at issue within three months thereafter. All of the current violations are of the same nature as the violations of his pretrial release. All revolve around his use of alcohol and controlled substances—primarily marijuana. Other than his use of controlled substances, however, none of his violations involve new criminal activity.

/ / /

The undersigned has considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.  A term of custody is necessary to make it clear to Defendant that he is required to comply with the conditions of his supervised release, and to deter future violations of his supervision.  Nevertheless, a term of 31 days is sufficient to accomplish that purpose.  A longer custodial term is also not necessary to protect the public from criminal activity.

The undersigned has also considered the need for future educational or vocational training and correctional treatment.  A term of supervised release is needed to provide substance abuse treatment that is clearly necessary for Defendant to comply with the conditions of his supervised release and to be successful in not returning to criminal activity after the completion of his term of supervision.  Defendant evidently recognizes his need for substance abuse treatment, having initiated the process for admission to a treatment program prior to the petition being filed in this case.  Thus, a condition of supervision requiring completion of inpatient treatment and compliance with recommended outpatient treatment is appropriate.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the relevant factors enumerated in 18 U.S.C. § 3553(a), the undersigned finds that a sentence of 31 days custody, following by a term of

supervised release of 34 months, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.   Defendant violated the special condition that he must not purchase, possess, use, distribute, or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law, when he submitted urine specimens on March 4, 2024, April 1, 2024, and April 23, 2024, that tested positive for marijuana, and admitted to using marijuana on February 29, 2024, April 8, 2024, April 9, 2024, and April 20, 2024.

2.   Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he provided a random urinalysis sample on May 16, 2024, that tested positive for methamphetamine.

3.   Defendant violated the special condition that he must abstain from the consumption of alcohol when he provided random urinalysis samples on April 3, 2024, and April 7, 2024, that tested positive for alcohol.

4.   Defendant violated the special condition that he must participate in substance abuse testing when he failed to report to Alternatives, Inc. for a random urinalysis test on March 16, 2024.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release, and sentence Defendant to 31 days custody, with 34 months supervised release to follow.

2.      The Court should include a condition of supervised release that Defendant enter and successfully complete inpatient substance abuse treatment at Rimrock Foundation upon his release from custody on June 24, 2024.

3.      The United States' motion to dismiss the allegation contained in the second paragraph of Violation No. 4 should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action

/ / /

on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 13th day of June, 2024.

                                                TIMOTHY J. CAVAN
                                                United States Magistrate Judge