IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–61–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ZACHERIAH PAUL SIEK, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Timothy J. Cavan's Findings & Recommendations Regarding Revocation of Supervised Release. (Doc. 57.) Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan found, based on Mr. Siek's admissions at the hearing, that he violated four conditions of supervised release: the special condition that he refrain

1

from the purchase, use, distribution or administration of marijuana (Spec. Cond. 5); the mandatory condition that he refrain from any unlawful use of a controlled substance (Mand. Cond. 3); the special condition that he abstain from the consumption of alcohol (Spec. Cond. 2); and the special condition that he participate in substance abuse testing (Spec. Cond. 3).  (Doc. 57 at 6.)  Following Mr. Siek's admissions, the United States moved to dismiss the second paragraph of Violation No. 4.  (*Id.* at 2–3.)

Judge Cavan recommends that this Court revoke Mr. Siek's supervised release and sentence him to a custodial sentence of 31 days imprisonment, followed by a 34-month term of supervised release.  (*Id.* at 8.)  Judge Cavan also recommends that this Court grant the United States' motion to dismiss the second paragraph of Violation No. 4.  (*Id.*)  Finally, Judge Cavan recommends that the Court include a condition of supervised release that Mr. Siek enter and successfully complete inpatient substance abuse treatment at Rimrock Foundation upon his release from custody on June 24, 2024.  (*Id.*)

The Court finds no clear error in Judge Cavan's Findings and Recommendations and adopts them in full.

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 57) is ADOPTED in full.

Mr. Siek shall be sentenced in conformity with Judge Cavan's

recommendation in the judgment filed concurrently with this Order.

DATED this 17th day of June, 2024.

_____
Dana L. Christensen, District Judge
United States District Court