IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-61-BLG-DLC-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| ZACHERIAH PAUL SIEK, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated several conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 68.)

On April 30, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations except the allegations in Violation No. 6 regarding possession of ammunition and criminal possession of dangerous drugs. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to six (6) months custody, with no term of supervised release to follow.

/ / /

/ / /

1

## I.    BACKGROUND

In August 2022, Defendant pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Docs. 21, 24.)  On February 14, 2023, the Court sentenced Defendant to 18 months incarceration, followed by 36 months of supervised release.  (Docs. 40, 41.)  Defendant began his first term of supervised release on February 2, 2024.

On June 17, 2024, Defendant's supervised release was revoked for marijuana use, unlawful use of a controlled substance, consumption of alcohol, and failure to participate in substance abuse testing.  (Doc. 62.)  He was sentenced to a custodial term of time served (31 days), followed by 34 months of supervised release.  Defendant began his second term of supervised release on June 21, 2024.

On March 4, 2025, the United States Probation Office filed the petition now at issue.  (Doc. 66.)  The petition alleges that Defendant violated six conditions of his supervised release, and provides a brief explanation of each violation.  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 67.)  Defendant was arrested on April 6, 2025, and made an initial appearance on April 17.  (Doc. 48.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  (*Id.*)  The Court subsequently set the final revocation hearing for April 30, 2025.  (Doc. 74.)

/ / /

## II.     FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock.  Zeno Baucus represented the United States.  The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After consenting to proceed, Defendant admitted all the violations, except the allegations in Violation No. 6 that he was in possession of ammunition on March 3, 2025, and that he had committed the offense of criminal possession of dangerous drugs.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony.  Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could also be sentenced to as much as 34 months of supervised release, less any custody time imposed.  Counsel for the United States and Defendant's counsel agreed with those calculations.

/ / /

/ / /

/ / /

3

Counsel for the United States requested a custodial sentence of six months, with no supervised release to follow. Defendant's counsel requested a custodial sentence of five months, with no supervised release to follow.

## III.    ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervision, his supervised release should be revoked. The Court should sentence Defendant to a term of six (6) months custody, with no term of supervised release to follow.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of the violations, Defendant's current violations are the same type of violations that have recurred throughout his supervision in this case. Defendant was previously released pending trial and sentencing, but his release was ultimately revoked for multiple violations involving his use of alcohol and controlled substances and his failure to participate in outpatient treatment.

After his release from custody to supervised release, a petition to revoke his supervised release was filed less than four months later for use of controlled substances, consumption of alcohol, and failure to participate in a testing program.

4

For this first revocation, Defendant was given the opportunity to participate in inpatient treatment for his substance abuse difficulties, but he was terminated from the program after approximately one week for inappropriate conduct. He was then permitted to participate in intensive outpatient treatment, but he continued to violate his supervised release by again using alcohol, controlled substances, and failing to participate in testing.

With respect to Defendant's history and characteristics, he had attained a criminal history category IV by age 33 when sentenced for the underlying offense. As outlined above, he has also done very poorly on supervision during the pretrial and post-conviction stages of this case and has consistently violated his release conditions throughout his pretrial and post-conviction supervision.

The Court notes that Defendant was diagnosed with malignant peripheral nerve sheath sarcoma in August 2020, and he was being treated for that condition during the pretrial stage of this case. This condition is presently being monitored, but Defendant reported there are no other treatment or other interventions currently scheduled. Nevertheless, Defendant is seeking Social Security disability insurance because of his medical condition, and it has undoubtedly interfered with his ability to gain employment during periods of his supervision.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. For his first

revocation, a sentence of 31 days with supervision to follow was not sufficient to deter Defendant from violating the terms of his supervision. Hopefully, a term of six months incarceration will provide deterrence for future criminal conduct and protect the public from further crimes.

Finally, the undersigned has considered the need for future educational or vocational training and correctional treatment. Defendant has been provided multiple treatment options by U.S. Probation, but he has not taken advantage of those opportunities. It does not appear that Defendant is amendable to supervision, and an additional term of supervision would serve no useful purpose.

Therefore, pursuant to the Sentencing Reform Act of 1984, the undersigned finds that a sentence of six months custody with no supervised release to follow is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1.     Defendant violated the special condition that he must participate in and successfully complete an inpatient substance abuse treatment program as approved by the probation officer when, on July 22, 2024, the probation office received notification that Defendant had been removed from inpatient substance

6

abuse treatment at Rimrock Foundation due to inappropriate behaviors associated with his peer group.

2.    Defendant violated the special condition that he must not purchase, possess, use, distribute, or administer marijuana when he submitted urine specimens that tested positive for marijuana on August 19, 2024, October 24, 2024, and January 22, 2025, and admitted to having used marijuana on August 9, 2024, October 22, 2024, and January 14, 2025.

3.    Defendant violated the special condition that he must abstain from the consumption of alcohol when he provided a random urinalysis sample on January 31, 2025, that tested positive for ethyl sulfate.

4.    Defendant violated the special condition that he must participate in substance abuse testing when he failed to report to Alternatives, Inc., to provide random urinalysis samples on January 29, 2025, February 7, 2025, February 13, 2025, and February 26, 2025.

5.    Defendant violated the special condition that he must work full time at a lawful type of employment—or otherwise seek full-time employment if unemployed—when, after being instructed on September 18, 2024 that he must actively gain full-time employment, he subsequently failed to obtain employment.

6.    Defendant violated the mandatory condition that he must not commit another federal, state, or local crime when Defendant was charged with criminal

7

possession of drug paraphernalia, a misdemeanor, in Montana state district court on March 3, 2025, and later pled guilty to that offense.

Accordingly, IT IS RECOMMENDED that the Court should revoke Defendant's supervised release, and sentence Defendant to six months custody, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 30th day of April, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge